Case number seven for this morning is Haynes v. United States Mr. Patton Good morning, your honors. I'm Tom Patton. I represent the appellant Stacey Haynes. Travel and aid of racketeering in violation of 18 United States Code section 1952 does not have as an element the use, attempted use, or threatened use of physical force against a person of color. Counsel, before we can get to any of that, we have to decide whether we have appellate jurisdiction. And I must say I'm a little worried about appellate jurisdiction because the district court ruled in your client's favor on some theories and against your client on some theory, said that resentencing has to be held, and that hasn't happened yet. So how can one appeal before the resentencing? Because the judgment here, if we did not appeal the denial of his 924, the relief on the 924C counts, and only went, so didn't appeal it at all, let the 60 days for filing the notice of appeal lapse, wait for the resentencing where under the order the district judge entered on the 2255, only allowed resentencing on the Hobbs Act, robberies, and the travel and aid of racketeering, and then filed a notice of appeal of that sentence, you would be asking me how do we have appellate jurisdiction over the 924C counts because the judge's prior order was the final judgment that ruled on the validity of those sentences, and you did not appeal that order. And so you have missed the time. Perhaps the solution is the district court has to resentence on all counts when it resentences on any, and that's something we say district judges have to do. They have to reconstruct the sentencing package and resentence on all counts. Now, you may or may not be aware that at least three other circuits have held that in circumstances identical to yours, there is no appealable judgment. The basic underlying doctrine is that you have to be final on the indictment. The fact that there's a final decision on some counts and not on some others doesn't allow an appeal except by the prosecutor under the Criminal Appeals Act, and that's not how we're here. And whatever's going on here, it's not final on the indictment. Your claim is that it's final on one count of the indictment. Well, it's on six counts of the indictment that are mandatory sentences that regardless. But it's not the whole indictment. That's the basic problem. The problem that I see with waiting and that I saw with waiting to file a notice of appeal from the judge's final order entering a final order on the 2255 judgment. That's the judgment that we are appealing from is the judge's ruling on Mr. Haynes's motion under 28 USC section 2255. It is not an appeal of the final judgment of his sentence. It is the appeal from the 2255 in in a criminal case. The sentence is the judgment. That is correct. But in the 2255 is a separate, even though it's docketed in the criminal case, it is a separate civil case that is separate from the underlying criminal case. That's why it gets its own. You know, the parties have not addressed jurisdiction over this appeal, but you may be aware that that line of argument you're now making was one that was made in Garner against the United States and rejected by this court. Yeah, I'll tell you straight up. No, I am not familiar with Garner. We I put a jurisdictional statement in my brief that I believe was complete and accurate. The government said the government agreed. Correct. And neither side discussed the problems I'm now raising. I appreciate that, but it is still a problem. Well, and I understand that this court has to independently ensure that it has jurisdiction. And if the court wants supplemental briefing on the jurisdictional issue, obviously, you can order us to file it and we will file that. And if I have made a mistake in appealing too early, I apologize, but I would rather make that mistake than appealing too late and having Mr. Haynes stuck with 105 years of 924C sentences. I understand that. Of course, one option was always to file a notice of appeal and say, this is a protective appeal. Let's wait until we get the resentence and then we'll have two appeals and the Court of Appeals can choose which is the right one. And avoid any redundancy because in the other appeal, I mean, in the other case, you may be appealing separately anyway if you disagree with the sentence imposed. Yes. The only way to avoid piecemeal appeals is to wait and do it at once. It is true that when you get the resentencing, well, if this appeal doesn't go through, it's guaranteed to get an appeal after the resentencing because, you know, he's going to have the best case he can do at a resentencing is 105 years plus a day. Because with the 924C count still intact, even if under Dean, the judge gives him a day on the Hobbs Act robberies and the travel counts, he's got 105 years of sentence. And if that's when we have to come back, that's when we will come back. But the I did have some discussions with the prosecutor about the case. We viewed it differently than what your honor is proposing here and that we would didn't seem to make much sense to have the sentence first without getting the 924C resolved. And if we heard on that, I apologize to the court and we will do the resentencing and appeal at that period of time. If the court determines that there is appellate jurisdiction in this case, it is our contention that the 924C counts that are based on the travel and aid of racketeering counts have to be vacated under Johnson because travel and aid of racketeering is not a crime of violence. And therefore, it can never support a 924C conviction. The offense does not have as an as an element the use of force. It applies to any crime of violence, the intent to commit a crime of violence and then an attempt to commit a crime of violence. And that definition of crime and violence involved offenses that created a serious potential risk of physical injury to another, which does not require the use of force. And therefore, categorically, it can never support a 924C conviction. And so that the counts, the 924C counts based on the travel in aid of racketeering underlying offenses would have to be vacated. Otherwise, we would, we will get a resentencing date set for Judge McDade. He had set a resentencing date, but then canceled it based on the dependency of this appeal. And if the court finds no jurisdiction here, we will do the resentencing and have to be back before the court at that point in time. I will save the remainder of my time for rebuttal. Certainly, Mr. Patton. Mr. Baum. Good morning, Your Honors. And I missed the jurisdictional issue clearly. I apologize to the court. It wasn't helpful. And that was my mistake. And I regret it. And if the court would like briefing on that, I'm more than happy to. I think it would be a good idea to receive jurisdictional briefs. We'll give the party seven days to address appellate jurisdiction. You should look at the Supreme Court's opinion in Andrews against the United States, 373 U.S., 334. And the most recent of the appellate decisions that I know of is United States against Hammer, 564 Fed 3rd, 628 in the Third Circuit. And I think it collects some other cases that are pertinent to this. You will also, I think, want to look at Garner against the United States, which is 808 Fed 3rd, 716. Unless there are any other questions, we will do that. If you want to address the merits, this is your chance. On the merits, Your Honor, I do believe that prior to Johnson, crimes fit through the crime of violence funnel that had either the elements clause or the residual clause. That funnel was narrowed by Johnson, but this case still fits through the elements clause funnel because the government was required to prove that he committed a robbery as defined by 1951 to support the 1952 conviction, which in turn supported the 24C convictions. So we do think this case does meet the elements clause portion of a crime of violence. If there are no questions on that, I will ask other than the jurisdiction to affirm the district court's conclusion. Thank you. Mr. Patton, anything further? Yes, Your Honor. The government's insistence on trying to look at the factual proof in this case to try and say that the actual offense, the way in which Mr. Haynes committed the underlying travel and aid of racketeering offense has just been repeatedly rejected by the Supreme Court. In Mathis, Justice Kagan went so far that they rejected it. It's become downright tedious to repeat that you don't look at the factual way in which the offense was committed. You look at the elements of the offense. And section 1952 says that you have to travel in interstate commerce with the intent to commit a crime of violence and thereafter attempt to commit or commit the crime of violence. They use the umbrella element of crime of violence. The particular crime of violence is just a factual means of proving the crime of violence element. It makes the statute overbroad the same way that the California burglary statute was overbroad in the camps, the same way the Iowa burglary statute was overbroad. Counsel, why hasn't this argument been forfeited by its omission from the direct appeal? It is procedurally defaulted because it was not raised in the district court and it was not raised on the direct appeal. I do believe that the actual innocence exception set forth in Schlepp v. Delo applies here. It's along the same lines of this court's plain error review in United States v. Jenkins where they found that basically a 924C conviction on a kidnapping offense was plain error because legally kidnapping can never, ever support a 924C conviction. It is not possible to be guilty of a 924C offense in furtherance of a kidnapping. The same applies here. And in addition, as we explained in the brief, Mr. Haynes is also actually innocent of the 1952 offense because they didn't charge an actual 952 offense because you cannot commit a robbery to support, to further the unlawful act of extortion when you're dealing with the same money. And so that level of innocence can also be used as the gateway to get over the procedural default to get to the underlying merits of the plain error. Thank you. Thank you very much. The case is taken under advisement.